### FRANCIS BOONE *v.* HENRY PELICHET.

The defendant having admitted, in answer to interrogatories, that a sale made to him by the Sheriff of a slave sold under execution, as the property of the plaintiff, was subject to a *right of redemption* on the part of the plaintiff, it was held that that the Art. 2255 of the Code, which requires an actual delivery of the property when a verbal sale is relied on, was not applicable to such a case.

It was not necessary the plaintiff should exhibit the money to put the defendant *in mora*, as he had refused to make the reconveyance.

A party called on to answer interrogatories on facts and articles in open Court, has not the right of reading answers previously prepared, but may be required to answer orally in open court.

APPEAL from the District Court of the Parish of Iberville, *Beale, J.* A. Talbot, for plaintiff ; E. W. Blake, for defendant and appellant.

MERRICK, C. J. A slave, the property of the plaintiff, of the value of about $500, was advertised and about to be sold under an execution. The defendant,

offered the plaintiff, as an act of friendship, the loan of the money to pay the debt, about $370. At first it was agreed that the plaintiff should mortgage the slave to the defendant to secure the loan, but on consultation the parties were advised to go through the forms of a sale,.and suffer the slave to be sold by the Sheriff under the execution, the defendant buying her in, and retaining the title to secure the repayment of his money. With the express understanding between the parties that the plaintiff should be permitted to redeem the property on payment of the debt and interest in a reasonable time, the slave was so adjudicated by the Sheriff to the defendant.

Within three months afterwards the plaintiff called upon the defendant and offered to redeem the negress by the payment of the price and interest. The defendant refused to receive the same. This suit is brought to compel the defendant to deliver and reconvey the slave to the plaintiff. The facts above detailed appeared by the defendant's answers to interrogatories on facts and articles, and the testimony of a witness introduced by defendant himself.

There was judgment in the lower court in favor of plaintiff.

It is objected that the defendant was not put *in mora*, and that, therefore, plaintiff cannot maintain the action. It was not necessary that the plaintiff should exhibit the money after the defendant had refused to receive it, and reconvey the slave.

It is further objected by the defendant, that as he has not delivered the slave to the plaintiff, the verbal sale of the same cannot be enforced. He cites C. C. 2255, 2415, 2437, ; 1 Ann. 457 ; 6 Ann. 206.

The Articles of the Code and authorities cited are not strictly applicable to this case. This is not so much a suit to enforce a specific performance of the contract of sale between the defendant and the plaintiff as it is to have defendant's title declared to be subject to a right of redemption on the part of the plaintiff; to show that defendant's title is not absolute as it appears on its face, but is simulated, and that it can only be viewed by the court as a security for money lent. It is not the admission of title in the defendant which the plaintiff seeks to acquire by the contract of sale, but an assertion on the part of the plaintiff that he is still the equitable owner of the property, never having really and absolutely parted with all his interest in it. See cases of *Sémère* v. *Sémère*, 10 Annual, 704.

The answers of the defendant merely supply the place of a counter-letter, and no re-delivery is required.

There was no error in requiring the defendant to answer the interrogatories orally in open court, instead of reading answers which had been previously prepared, 11 Ann. 351.

The judgment would have been more formal if it had specified the sum to be paid by the plaintiff to defendant ; but we think, as the amount can be ascertained by reference of the petition, which is substantially confessed by defendant's answers, that the plaintiff ought not to be taxed with the costs of appeal ; particularly as the objection was not specially urged as one of the grounds for a new trial.

Judgment affirmed.